### Jonas C. Champney *vs.* Jonathan R. Smith & another.

A purchaser of the goods of A at a sale on execution against B acquires no property in them, and, if he takes the goods, is liable to A in trover.

ACTION OF TORT for the conversion of forty eight and one half cords of wood. At the trial in the superior court it was agreed that the defendants purchased the wood of a deputy sheriff, who sold it on execution against S. L. Arnold & Co. as their property, when it was in fact the property of the plaintiff. The defendants contended that the plaintiff's remedy was against the officer, and not against them. But *Putnam*, J. ruled otherwise. The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*J. N. Dunham*, for the defendants.

No appearance for the plaintiff.

METCALF, J.   A purchaser at an officer's sale of A's goods, on an execution against B, acquires no property in them, and can justify no intermeddling with them.   For any acts of assumed ownership or control thereof he is liable to A in any action to which he would have been liable if there had been no sale.   Cases cited in *Buffum* v. *Deane*, 8 Cush. 41.   *Shaw* v. *Tunbridge*, 2 W. Bl. 1064.   *Stone* v. *Elberly*, 1 Bay, 317.

We understand that the defendants took and carried away the wood, under Smith's claim thereto, by virtue of the officer's sale.   The plaintiff has therefore adopted a proper form of action, though he might have maintained replevin.

*Exceptions overruled.*